E-FILED
Wednesday, 07 December, 2011 03:38:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| ISRAEL CARL ISBELL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 11-1230 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

This matter is now before the Court on Petitioner, Israel Carl Isbell's ("Isbell"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#11] is GRANTED, and Isbell's § 2255 Motion [#1] is DISMISSED.

**BACKGROUND**

On March 5, 2010, Isbell entered a guilty plea pursuant to a written plea agreement to receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252(A)(b)(1). That same day, Isbell executed a Statutory and Appeal Waiver waiving his right to appeal his conviction and sentence and his right to collaterally attack his conviction and sentence in exchange for the Government's dismissal of one count of possession of child pornography. On June 25, 2010, he was sentenced to a term of 180 months' imprisonment, a sentence that was within the U.S.S.G. range.

In his section 2255 motion, Isbell attempts to collaterally attack his conviction based on allegations of ineffective assistance of counsel. Specifically, Isbell argues that his counsel erroneously advised that any appeal would be "fruitless" if he were to receive a within-guidelines sentence, that his counsel erroneously advised him that, notwithstanding his waiver of appeal and waiver of collateral attack, he could still seek a

lower sentence if there was a subsequent, favorable change in USSG §2G2.2, and that his counsel was ineffective by virtue of not having Isbell psychologically examined.

On July 12, 2011, the Government filed its Motion to Dismiss [#11]. Isbell subsequently requested and was granted three separate extensions of time to respond to the Motion to Dismiss. The deadline for responsive pleadings was November 18, 2011; Isbell failed to file his traverse within that timeframe. The Court notes that on November 8, 2011, the office of the Deputy Clerk for the Peoria Division received a letter from Isbell which attempted to dispute the Court's deadline for responsive pleadings. However, Isbell indicated that "[he's] not filing a formal motion here, but a simple change of address." [#18 at 1]. This Order follows.

## STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Under section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." Torzala v. United States, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A section 2255 motion is not a substitute for a direct appeal; see Doe v. United States, 51 F.3d 693, 698 (7th Cir.), cert. denied, 116 S. Ct. 205 (1995); nor is it a means by which a defendant may appeal the same claims a second time. See Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007).

Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a section 2255 motion. Calabrese v. United States, 2011 U.S. Dist. LEXIS 106195 (N.D. Ill. Sept. 16, 2011); citing Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). As such, the Court finds that Isbell has not procedurally defaulted his ineffective assistance of counsel claims.

## DISCUSSION

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

To satisfy Strickland's prejudice prong in this case, Isbell must demonstrate through objective evidence a reasonable probability that, but for counsel's purportedly erroneous advice, he would not have entered the guilty plea and would have insisted upon going to trial. United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997). "It is far from obvious how a petitioner is expected to make such a showing, but it is clear that 'merely making such an allegation is insufficient.'" United States v. Ryan, 986 F.Supp.

509, 513 (N.D.Ill. 1997), citing Key, 806 F.2d at 139; see also McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996) (requiring that the petitioner establish through objective evidence that he would not have accepted the plea).

Here, Isbell argues that his counsel erroneously advised that any appeal would be "fruitless" if he were to receive a within guidelines sentence. He cites to a number of cases – none of which are controlling cases that reversed a within-guidelines sentence – to argue that the advice counsel gave him caused Isbell "to make an uninformed decision regarding such waiver." [#1 at 2]. Counsel's advice that an appeal of within-guideline sentences would be unlikely to succeed is an accurate evaluation given the Seventh Circuit's presumption of reasonableness for properly calculated, within-guideline sentences. See United States v. Craig, 420 Fed. Appx. 605, 607 (7th Cir. Ill. 2011), United States v. Mantanes, 632 F.3d 372, 377 (7th Cir. 2011). The Court rejects Isbell's Strickland claim on this ground because Isbell suffered no prejudice as a result of counsel's allegedly erroneously advice.

Isbell also claims that his counsel erroneously advised him that he could seek a lower sentence should there be a subsequent favorable change in USSG §2G2.2. Again, Isbell maintains that the advice given regarding the appeal waiver "caused the Defendant to make an uninformed decision regarding such waiver." [#1 at 2]. Even if his contention was true, it falls far below the standard required by this Circuit – that but for counsel's purportedly erroneous advice, he would not have entered into the waiver. Woolley at 635. As such, the Court finds that Isbell suffered no prejudice and his ineffective assistance of counsel claims fails with respect to this argument.

Finally, Isbell argues that his counsel's "failure to… initiate [a psychological evaluation] into Defendant's mental history" rises to the level of ineffective assistance of counsel. [#1 at 4]. Initially, Isbell does not explain the significance, if any, of the lack of a psychological examination in his case. Instead, he merely suggests "it is questionable wether [sic] this Defendant should have been allowed to take such plea and sign such waiver without being afforded a psychological evaluation." [#1 at 3]. According to Isbell, his case is best analogized to Brown v. Sternes, 304 F.3d 677 (7th Cir. 2002), where the Seventh Circuit found ineffective assistance of counsel where "because of the failure of [Brown's attorneys] to discover and to bring Brown's mental problems and medical history to the court's attention, his trial and sentencing were conducted without the benefit of the knowledge of the severity of his mental condition." Id. at 697. The case at hand is distinguishable from Brown because the Court was aware of Isbell's mental and emotional health as detailed in his Presentence Investigation Report.

Furthermore, when the Court accepted Isbell's guilty plea, it held a lengthy change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. During this hearing, the Court repeatedly asked and confirmed that Isbell understood the Statutory and Appeal Waiver. *See generally,* [#11 at 8-11]. The Seventh Circuit holds that "a guilty plea after a Rule 11 colloquy enjoys 'a strong presumption of verity.'" United States v. White, 597 F.3d 863, 868 (7th Cir. 2010) *citing* United States v. Bennett, 332 F.3d 1094 (7th Cir. 2003). The Court finds that nothing in the record remotely suggests that Isbell did not knowingly and voluntarily enter the plea agreement, including the waiver provisions contained therein. To the contrary, it clearly indicates that he expressly waived his rights to appeal and pursue

collateral relief on more than one occasion after extensive questioning and explanation by the Court. The record also demonstrates that the Court provided him with a lengthy and detailed explanation of the waiver provisions. After receiving this explanation, Isbell proceeded to state on more than one occasion that he was acting voluntarily and understood everything as it had been explained to him by the Court.

Isbell has failed to demonstrate that ineffective assistance of counsel negated the knowing or voluntary nature of his plea or the waiver itself. Accordingly, the Court now holds that Isbell's waiver of his right to pursue collateral relief was both knowing and voluntary and, as such, this section 2255 Motion is frivolous. *See* <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000); <u>Jones v. United States</u>, 167 F.3d 1142, 1145 (7th Cir. 1999); <u>Roberts v. United States</u>, 429 F.3d 723, 724 (7th Cir. 2005).

## CONCLUSION

For the reasons set forth herein, the Court cannot find that there has been any credible showing that, but for the alleged unprofessional errors of counsel, there is any reasonable probability that the result of this proceeding would have been different. The record clearly demonstrates that Isbell knowingly, intelligently, and voluntarily waived his right to bring both an appeal and collateral attack on his conviction and sentence. Accordingly, the Government's Motion to Dismiss [#11] is GRANTED, and Isbell's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED. This matter is now terminated.

ENTERED this <u>7th</u> day of December, 2011.

      /s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge